# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2020

Lyle W. Cayce
Clerk

No. 20-60355
Summary Calendar

WIRNEY MULET PEREZ,

*Petitioner*,

*versus*

WILLIAM P. BARR, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 741 142

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Wirney Mulet Perez is a native citizen of Cuba who entered the United States without authorization and claimed a fear of returning to Cuba due to his membership in the CID political party. Now, Mulet Perez petitions this court for review of an order of the Board of Immigration

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Appeals (BIA) that:   (1) concluded that he failed to obtain reasonably available corroborating evidence and (2) dismissed his appeal from an order of the Immigration Judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture.

This court reviews only the BIA's decision "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Those parts of the IJ's decision that were not adopted by the BIA are not before this court, and we need not consider Mulet Perez's arguments concerning them.  *See id.*; *see also Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020).

"Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see Yang v. Holder*, 664 F.3d 580, 585, 587 (5th Cir. 2011).  This court will affirm the BIA's determinations "with respect to the availability of corroborating evidence unless the court finds a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."  *Yang*, 664 F.3d at 587 (internal quotation marks and citation omitted).

The record here shows that Mulet Perez obtained some corroborating evidence and does not compel a conclusion contrary to the BIA's determination that he could have obtained more. *See id.*  Accordingly, the petition for review is DENIED.